## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALTUS ASSISTED LIVING, L.L.C., et al., | ) ) |
| | ) |
|      Plaintiffs, | ) |
| | ) |
| vs. | )   Case No.  CIV-07-1077-F |
| | ) |
| PLANTATION VILLAGE ASSISTED LIVING, L.L.C.; WADE BRINKMAN, BILL BRINKMAN; LARRY DERRYBERRY; DARREN DERRYBERRY; and DENVER McCORMICK, | ) ) ) ) ) ) |
| | ) |
|      Defendants. | ) |

### <u>ORDER</u>

This order supersedes the court's order of December 22, 2008, vacated on January 7, 2009.  Although that vacated order is void and of no effect whatsoever at this stage, as a courtesy to counsel and the parties, the court takes this opportunity to explain that the now vacated order was a working draft never intended for filing.

Two motions to dismiss are before the court:  the motion to dismiss filed by defendants Larry Derryberry, Denver McCormick and Darren Derryberry (doc. no. 39, filed October 24, 2008); and the motion to dismiss filed by Bill Brinkman.  (Doc. no. 43, filed November 6, 2008.)  There are also two non-moving defendants.  The first is Plantation Village Assisted Living, L.L.C.  The court has been informed Plantation is in Chapter 7 bankruptcy (notice of bankruptcy, doc. no. 30) and the Second Amended Complaint (SAC) alleges that "An automatic stay has been issued

as to Defendant Plantation, which remains in place at this time." (Doc. no. 32, ¶ 3.)[1]
The other non-moving defendant is Wade Brinkman, whose answer alleges that the
court has no jurisdiction. (See, answer, doc. no. 42, ¶ 5, affirmative defenses ¶ 3.)
Plaintiff Altus Assisted Living, L.L.C. ("AAL") has responded to the motion (doc. no.
44).

<u>Standards</u>

Defendants move for dismissal under Rules 12(b)(1) and 12(b)(6), Fed. R. Civ.
P. In passing on a motion to dismiss, whether bringing a facial attack[2] on the ground
of lack of jurisdiction over the subject matter under Rule 12(b)(1) or whether
challenging the complaint for failure to state a cause of action under Rule 12(b)(6),
the non-movant enjoys similar safeguards; the allegations of the complaint should be
construed favorably to the pleader and the court will not look beyond the face of the
complaint to determine jurisdiction. *See*, *e.g.*, <u>Sea Vessel Inc. v. Reyes</u>, 23 F.3d 345,
347 (11th Cir. 1994) (non-moving party receives the same protection with respect to
12(b)(1) as it would defending against a motion brought under Rule 12(b)(6), quoting
<u>Osborn v. United States</u>, 918 F.2d 724, 729 n.6 (8th Cir. 1990)); 2 <u>Moore's Federal
Practice</u>, § 12.30[4] (Matthew Bender 3d ed.).

The inquiry under Rule 12(b)(6) is whether the complaint contains enough facts
to state a claim for relief that is plausible on its face. <u>Ridge at Red Hawk, L.L.C. v.</u>

---

[1]The stay is hereby recognized by this court. In general, the Tenth Circuit does not extend
the stay to the debtor's co-defendants. *See*, <u>Fortier v. Dona Anna Plaza Partners</u>, 747 F.2d 1324,
1330 (10th Cir. 1984). A narrow exception has been recognized, but there is no indication the
exception should apply and no party has asked for an exception. The court also notes that the prayer
of the Second Amended Complaint seeks relief only against the individual defendants and not
against the defendant in bankruptcy.

[2]Some of the parties' arguments for lack of jurisdiction under Rule 12(b)(1) introduce
matters outside the pleadings. As the motions can be determined under the standards that govern
a facial attack on jurisdiction, the court has disregarded such matters. The court also has not
considered outside matters for purposes of Rule 12(b)(6).

<u>Schneider</u>, 493 F.3d 1174, 1177 (10th Cir., 2007), quoting <u>Bell Atlantic Corp. v.</u>
<u>Twombly</u>, ___ U.S. ___, 127 S.Ct. 1955, 1969,1974 (2007).  To survive a motion to
dismiss, a plaintiff must nudge his claims across the line from conceivable to
plausible.  *Id.*  The mere metaphysical possibility that some plaintiff could prove some
set of facts in support of the pleaded claims is insufficient; the complaint must give
the court reason to believe that this plaintiff has a reasonable likelihood of mustering
factual support for these claims.  <u>Ridge at Red Hawk</u>, 493 F.3d at 1177.  In conducting
its review, the court assumes the truth of the plaintiff's well-pleaded factual
allegations and views them in the light most favorable to the plaintiff.  *Id.*

Discussion

The arguments for and against both motions are the same.  The court
accordingly addresses the motions together.

This action seeks "judgment against the individual defendants for the amount
of the unpaid wages" and other damages.  (Doc. no. 32, prayer.)  This action alleges
claims under the Fair Labor Standards Act, citing 29 U.S.C. §201, *et seq.*, but cites no
specific provision of that Act.  This action also alleges claims for violation of 40 O.S.
§ 165.1, *et seq.*, which is a citation to the "Protection of Labor" chapter (Chapter 5)
of Title 40 of the Oklahoma Statutes.  These are the only allegations pertinent to
jurisdiction.  (SAC, ¶ 5.)  As the allegations preclude diversity jurisdiction, the only
possible basis for jurisdiction is federal subject matter jurisdiction under the FLSA
with supplemental jurisdiction over the state law claim.

The moving defendants seek dismissal on the ground that no subject matter
jurisdiction exists under the FLSA because the FLSA was enacted to address public
policy issues arising from commerce and there are no allegations that defendants
"engaged in commerce or in the production of goods for commerce...."  29 U.S.C.
§ 202.  The court agrees.  The provisions of the FLSA that make certain conduct

illegal -- such as 29 U.S.C. § 206 (minimum wage violations), § 207 (maximum hours violations), and § 212 (child labor violations) -- require defendants to be involved in commerce before these provisions apply.  The test is whether defendants' work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be in practical effect a part of it, rather than isolated local activity.  *Id*.  Moreover, as this test suggests, the FLSA does not fully utilize the powers granted by the Commerce Clause of the United States Constitution.  Brennan v. Metropolitan Trash, Inc., 513 F.2d 1324, 1326 (10th Cir. 1975).

The allegations identify defendants as an assisted living center in Altus, Oklahoma, and operators, controllers, and employers of the center.  No allegations suggest the type of connection to, or involvement in, interstate commerce necessary for the FLSA to apply.  *See*, *e.g.*, Maneja v. Waialua Agr. Co., Hawaii, 349 U.S. 254 (1955) (although sugar production workers engaged in commerce, maintenance workers who did not participate in production were not subject to the FLSA).  The court concludes that the SAC fails to allege sufficient facts in support of jurisdiction.

Although AAL cites cases for the proposition that an employer need not have overwhelming contacts with interstate commerce because even minimal interactions are sufficient for the FLSA to apply, AAL's cases are distinguishable.  *See*, Mabee v. White Plains Publishing Co., 327 U.S. 178, 180-81 (1946) (FLSA applies to newspaper with a circulation of 9,000 to 11,000 copies where one-half of one percent of copies circulated out of state); Brennan v. Metropolitan Trash, Inc., 513 F.2d at 1326 (FLSA applies to local trash collecting corporation where ninety-five percent of company's income derived from commercial customers, six of whom testified they were engaged in the production of goods for commerce, and given the essential relationship of the trash hauling to the manufacturing process); Brennan v. Keyser, 507 F.2d 472 (9th Cir. 1974) (FLSA applied based on local towing companies' use

of federal highways or roads connecting with federal highways); <u>Glen Manor Home for the Jewish Aged v. N.L.R.B.</u>, 474 F.2d 1145, 1148 (6th Cir. 1973) (N.L.R.B. case, not FLSA case); and <u>United States v. Lopez</u>, 514 U.S. 549, 557-61 (1995) (recognizing scope of the Commerce Clause in general but not addressing interstate commerce requirements for purposes of application of the FLSA).

The moving defendants also argue that this case "is nothing more than a contract or obligation based monetary dispute between private parties based on strictly local affairs within the State of Oklahoma" and that "[n]othing alleged in this case invokes Federal jurisdiction nor concerns the affairs and policies of the Federal Government.  No such allegations are alleged in the Complaint." (Doc. no. 39, p. 6.) The moving defendants make this point as a part of their argument that the subject assisted living business is a purely local business and not one which involved the moving defendants in interstate commerce.

The court also notes that SAC does not identify any particular provision in the FLSA which AAL alleges defendants violated – *e.g.*, a factual basis for federal statutory liability.  For example, although the complaint refers to and seeks to recover "unpaid wages," there is no allegation that overtime required by the FLSA was not paid, or that minimum wages required by the FLSA were not paid.  Absent specific allegations identifying which provision of the FLSA AAL contends defendants violated, and facts alleged in support of those allegations, the court finds that the SAC fails to state a claim for relief under the FLSA.  This finding also bears on jurisdiction, as subject matter jurisdiction is premised on the FLSA claim.

Lastly, the court notes that the other claim alleged in this action is brought under 40 O.S. § 165.1 *et seq.*  Again, the SAC does not identify the specific section included in this citation pursuant to which this claim is brought.  However, 40 O.S. § 165.9 provides for "Actions to recover unpaid wages and damages."  Thus, the State

of Oklahoma provides a statutory remedy for the type of unpaid wages that appear to be in issue in this action.

The court finds and concludes that the SAC fails to adequately allege jurisdiction and fails to state a claim for relief under the Fair Labor Standards Act. Accordingly, for lack of jurisdiction, the moving defendants will be dismissed, and the Second Amended Complaint will be dismissed, without prejudice.

Leave to Amend

AAL's response suggests the existence of facts which are asserted to be sufficient to satisfy the jurisdictional requirements of the FLSA. As is stated below, AAL will be granted leave to file a third amended complaint pleading those facts.[3] Any third amended complaint that is filed should also identify the specific provision of the FLSA which plaintiff contends defendants violated.

Non-Moving Defendants

Defendant Wade Brinkman has not moved for dismissal. His answer, however, challenges this court's jurisdiction, and the conclusions stated in this order necessarily apply with equal force to the claims alleged against Wade Brinkman.[4]  Wade Brinkman is dismissed without prejudice *sua sponte*. In light of the stay, Plantation

---

[3] The moving defendants also argue, in substance, that, as members of a limited liability company who have agreed among themselves that they won't be liable to others, they cannot possibly be held liable in this case. Doc. no. 39, at 7 - 8. This assertion is far too glib. If an FLSA claim is otherwise shown to be viable, the familiar doctrinal bases for veil piercing (including, among others, undercapitalization) become relevant. The court, to be sure, does not address those matters at this point. The third amended complaint will have to do better on this point than paragraph 12 of the SAC, by plausibly alleging a factual basis for direct statutory liability of the moving defendants under the FLSA, or by plausibly alleging a factual basis for veil piercing (or by both means).

[4] The SAC alleges: "The Individual Defendants, Wade Brinkman, Bill Brinkman, Larry Derryberry, Darren Derryberry, and Denver McCormick, owned, operated and controlled, both directly and indirectly, the operations and finances of the Defendant Plantation at all relevant times...." (Doc. no. 32, ¶ 4.)

Village remains, for now, a non-moving defendant as to whom all proceedings remain stayed.

<u>Rulings</u>

After careful consideration, the motion to dismiss filed by Larry Derryberry, Denver McCormick and Darren Derryberry, and the motion to dismiss filed by Bill Brinkman, are **GRANTED**.   Absent leave to amend, these defendants are **DISMISSED** from this action.   Defendant Wade Brinkman is also **DISMISSED**. These defendants are dismissed without prejudice.

If plaintiffs wish to seek leave to file a third amended complaint alleging a plausible claim over which this court has jurisdiction, supported with non-conclusory allegations, curing the deficiencies described in this order, a motion for that purpose may be filed within twenty days of the date of this order.   The motion must attach the proposed amendment.

If leave to file a third amended complaint is not sought or granted, the court will likely enter a judgment reflecting the court's dismissal without prejudice of the Second Amended Complaint and dismissal without prejudice of all claims alleged against defendants other than Plantation Village.   In either of those events (*e.g.*, leave to file a third amended complaint is not sought or is sought but not granted), the court will invite suggestions from the parties as to their proposed means of closing this case on a basis that will leave the plaintiffs with an appealable order.

Dated this 9th day of January, 2009.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-1077p013(pub).wpd